**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

ANDREW LEE CLINKSCALE                                                                  PLAINTIFF

v.                                            2:16CV00095-BSM-JJV

CAROLYN W. COLVIN,
ACTING COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION                                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the

form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff, Andrew Clinkscale, appeals the final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits. For the reasons set out below, I recommend the decision of the Commissioner be REVERSED and REMANDED.

**I.     BACKGROUND**

On November 6, 2012, Mr. Clinkscale protectively filed for disability insurance benefits due to back and shoulder impairments, prostate disease, chronic depression and high blood pressure. (Tr. 236.) His claims were denied initially and upon reconsideration. At Plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on August 28, 2014, where Mr. Clinkscale appeared with his lawyer. (Tr. 32-73.) At the hearing, the ALJ heard testimony from Mr. Clinkscale and a vocational expert. (Tr. 67-72.) The ALJ issued a decision on January 26, 2015, finding that Mr. Clinkscale was not disabled. (Tr. 13-23.) The Appeals Council received and considered additional information but denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3.)

Mr. Clinkscale, who was fifty-two years old at the time of the hearing, has a twelfth grade education. (Tr. 39, 41.) He has past relevant work as a correctional officer, laborer, welder, assembly line production worker, bus driver, and maintenance worker. (Tr. 345-346.)

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Clinkscale had not engaged in substantial gainful activity since June 16, 2010, and had a combination of severe impairments. (Tr. 15.) However, the ALJ found that Mr. Clinkscale did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 17.) According to the ALJ, Mr. Clinkscale has the residual functional capacity to do a reduced range of light work. (*Id.*) Given his residual functional capacity, the ALJ determined Plaintiff could no longer perform his past relevant work. (Tr. 21.) However, given the testimony elicited from the vocational expert, the ALJ concluded other jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 22.) Accordingly, the ALJ determined Mr. Clinkscale was not disabled. (Tr. 23.)

## III.    ANALYSIS

### A.      Standard of Review

In reviewing the Commissioner's decision, courts must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, a court must consider both evidence that detracts

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

[2] 420 C.F.R. §§ 416.920(d), 416.925, and 416.926.

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4] *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

### B. Mr. Clinkscale's Argument for Reversal

Mr. Clinkscale asserts the Commissioner's decision should be reversed because the ALJ erred by: 1) finding he was not disabled under Listing 1.04; 2) determining he had the residual functional capacity to perform light work and was not credible; 3) failing to give adequate weight to his treating doctors; 4) determining he has a high school education and is able to communicate; 5) failing to give adequate weight to his vocational experts; and 6) failing to adequately review the additional evidence submitted to the Appeals Council. (Doc. No. 10.)

### C. Mr. Clinkscale's Back Impairment

Plaintiff suffers from a significant back impairment after being injured in 2010 during an altercation with an inmate while employed as a correctional officer. (Tr. 43.) The altercation resulted in a torn rotator cuff and lumbar strain. (Tr. 343.) He underwent rotator cuff surgery and two back surgeries. (*Id.*)

The ALJ recited Plaintiff's medical history (Tr. 17-21), but concluded, "The medical records discussed above do not provide a basis to support the level of severity as alleged by the claimant." (Tr. 21.) She said, "Regarding back pain, there are no objective findings of muscle atrophy or deformity or loss of range of motion in any extremity or joint. He presents with a mild antalgic gait, but he is able to ambulate without the use of a cane." (*Id.*) The ALJ afforded "some weight" to the opinions of Dr. Kilgore, Dr. Cathey, and Dr. Strauser, but gave great weight to the state agency physicians. (*Id.*)

In reviewing the medical records from Reed W. Kilgore, M.D., I come to a different conclusion than did the ALJ. While there was some progress made through surgical

---

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

intervention, Plaintiff continued to suffer from debilitating back and shoulder issues. (Tr. 675-707.) He regularly saw Dr. Kilgore for surgical intervention and injections. And while Plaintiff did obtain some relief, that relief was temporary. (*Id.*)

But most compelling is the more recent report of neurosurgeon Steven L. Cathey, M.D. He reviewed Plaintiff's medical history and then examined Plaintiff. (Tr. 955-956.) Dr. Cathey noted Plaintiff's history of surgeries and concluded, "In my opinion, the patient is at maximal medical improvement with regard to his original occupational injury and the two subsequent lumbar disc procedures performed by Dr. Shahim." (Tr. 956.) Dr. Cathey stated, "Although Dr. Shahim had at one point suggested the patient might be a candidate for fusion at L5-S1, there is absolutely no chance of any additional operative intervention helping the man. I believe he should file for long-term disability benefits through Social Security. I believe him to be disabled." (*Id.*) The ALJ discounted this well-reasoned opinion, only stating, "Dr. Cathey's opinion is afforded some weight, as the issue of disability is reserved to the Commissioner." (Tr. 21.) While correct that the issue of disability is reserved for the Commissioner, Dr. Cathey provided specific findings based on the objective medical evidence. And irrespective of his conclusion about disability, Dr. Cathey's undisputed report wholly undermines the ALJ's determination Mr. Clinkscale is capable of performing light work.

## IV. CONCLUSION

Accordingly, a reasonable mind would not accept the evidence as adequate to support the ALJ's decision because the decision does not sufficiently address Mr. Clinkscale's back impairments. For this reason, I recommend REVERSING the decision and REMANDING the case to the Commissioner for full development of limitations posed by Plaintiff's back impairments. On remand, the Commissioner should consider the newly submitted evidence and fully consider the opinions of Plaintiff's vocational experts. (Tr. 310-312, 341-348.)

Dated this 14th day of December, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE